IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Barba O'Neal Faltz, Jr.,                    )
    Petitioner,                          )
                                 )
v.                                          )     1:08cv1316 (LO/TRJ)
                                 )
Gene M. Johnson,                            )
    Respondent.                          )

OCT 6 2009

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

MEMORANDUM OPINION

      Barba O'Neal Faltz, Jr., a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction of felony homicide and maliciously shooting into an occupied dwelling entered on a guilty plea in the Circuit Court for Isle of Wight County, Virginia. On April 24, 2009, respondent filed a Motion to Dismiss with a supporting brief and a Rule 5 Answer. Faltz was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed a reply. For the reasons that follow, Faltz's claims must be dismissed.

I.

      According to the summary of the evidence presented by the prosecutor at Faltz's change of plea hearing, Faltz and five other men who had had "some previous difficulties with some young men from the Smithfield area" obtained several weapons, borrowed a van, and rode throughout the state for the better part the day on October 17, 2003. Resp. Ex. 5, Tr. Mar. 16, 2005 at 9 - 10. Late in the evening, between 10:30 and 11:00 p.m., the group was driving through an apartment complex in Smithfield when they heard a shot or shots being fired. Id. at 12 -13. Three of the men, including Faltz, jumped out of the van and fired "a hail of bullets" principally toward a particular building at the end of the street. Id. at 14. One of the other men emptied the magazine of a high-powered rifle,

and Faltz admittedly emptied a 12-gauge shotgun. Id. A high-powered rifle round penetrated "several layers of walls, doors [and] objects" in an apartment where an eight-year-old boy was sleeping, struck him in the throat, and killed him. Id. at 15;  Resp. Ex. 5, Tr. Oct. 19, 2005 at 6.

On March 16, 2005, Faltz entered a negotiated Alford plea of guilty to one count of maliciously shooting into an occupied dwelling and one count of felony homicide. Resp. Ex. 5, Tr. Mar. 16, 2005 at 4 - 5. In exchange, the Commonwealth nolle prosequied five additional counts of maliciously shooting into an occupied dwelling and one count of use of a firearm in the commission of a murder. Id. at 23. By order dated October 27, 2005, the trial court sentenced Faltz to serve a total of twenty-eight (28) years in prison. Resp. Ex. 1.

Faltz filed a petition for appeal in the Virginia Court of Appeals, arguing that the trial court abused its discretion in denying his motion to withdraw the plea as involuntary, because he had believed that he would be sentenced to a specific term that he requested. The Court of Appeals denied the petition for appeal on November 21, 2006. Faltz v. Commonwealth, R. No. 0857-06-1 (Va. Ct. App. Nov. 21, 2006); Resp. Ex. 2. Faltz's subsequent attempt to seek further review by the Virginia Supreme Court was denied without opinion on September 27, 2007.   Faltz v. Commonwealth, R. No. 070994 (Va. Sep. 27, 2007); Resp. Ex. 3.

On January 22, 2008, Faltz applied for habeas corpus relief in the Supreme Court of Virginia, claiming that:

> 1.    He received ineffective assistance of counsel in connection with the plea agreement where his attorney promised him that he would receive a maximum sentence of ten (10) years in prison and failed to explain that the court could sentence him outside the maximum called for in the guidelines.
>
> 2.    He received ineffective assistance of counsel in connection with his motion to withdraw the plea

where his attorney failed to investigate his contention
that his prior attorney misinformed him regarding his
sentence exposure and failed to call prior counsel as
a witness at the hearing on the motion.

3.     The trial court erred in denying the motion to
withdraw the plea.

Resp. Ex. 6. On July 30, 2008, the Virginia Supreme Court dismissed Faltz's petition, finding

claims 1 and 2 to be without merit, and claim 3 to be repetitive of the issue raised and decided on

direct appeal. Faltz v. Dir., Dep't of Corrections, R. No. 080171 (Va. July 22, 2008); Resp. Ex. 4.

Faltz turned to the federal forum and filed the instant petition for § 2254 relief on December 9,

2008,[1] reiterating the same three claims he raised in his habeas corpus application to the Virginia

Supreme Court. On April 24, 2009, respondent filed a Motion to Dismiss Faltz's claims. Faltz filed

a reply on May 15, 2009. Based on the pleadings and record before this Court, it is uncontested that

Faltz exhausted all of his claims as required under 28 U.S.C. § 2254.[2] Accordingly, this matter is

now ripe for review on the merits.

## II.

When a state court has addressed the merits of a claim raised in a federal habeas petition, a

---

[1] A pleading submitted by an incarcerated person is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Here, Faltz certified that he placed his petition in the prison mailing system on December 9, 2008. Pet. at 14.

[2] Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia first must have presented the same factual and legal claims raised in his federal habeas corpus application to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995).

federal court may not grant the petition based on the claim unless the state court's adjudications are contrary to, or an unreasonable application of, clearly established federal law, or are based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs a foul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410.

### III.

In his first two claims before this Court, Faltz argues that he received ineffective assistance of counsel in connection with his guilty plea. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "that the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional

4

assistance." Id. at 689; see also, Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy."). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

The two-part Strickland test also "applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58 (1985). In the context of a guilty plea, the "performance" prong of the Strickland test 'is nothing more than a restatement of the standard of attorney competence already set forth in . . . McMann v. Richardson,' 397 U.S. 759, 771 (1970), that is, whether the advice of counsel "was within the range of competence demanded of attorneys in criminal cases." Id. at 58-59. With regard to the "prejudice" prong in the context of a guilty plea, a petitioner must show that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59; see also Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000).

In reviewing a petitioner's claim of ineffective assistance of counsel regarding a plea agreement, "the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Declarations made "in open court carry a strong presumption of veracity," and "the subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Id. at 74. Thus, absent clear and convincing evidence to the contrary, a defendant is bound by his representations at a plea colloquy concerning

the voluntariness of the plea and the adequacy of his representation. Beck v. Angelone, 261 F.3d 377,

396 (4th Cir. 2001).

In his first claim, Faltz argues that counsel rendered ineffective assistance by advising Faltz

that the maximum sentence that he could receive under the plea agreement was ten (10) years, and

by failing to advise him that the court was not bound by the sentencing guidelines and could impose

any term within the statutory maximum.  When Faltz made this same claim in his state habeas corpus

proceeding, the Virginia Supreme Court found it to be without merit, as follows:

> The Court holds that claim (1) satisfies neither the 'performance' nor
> the 'prejudice' prong of the two-part test enunciated in Strickland v.
> Washington, 466 U.S. 668, 687 (1984).  The record, including the
> trial transcript and the written plea agreement, demonstrates that
> petitioner was originally charged with eight felonies, six of which
> were nolle prosequied in exchange for petitioner's plea. There was no
> agreement as to sentence. Furthermore, petitioner represented to the
> court that he understood he faced a maximum sentence of 50 years,
> and that the court was not bound by the sentencing guidelines. Thus,
> petitioner has failed to demonstrate that counsel's performance was
> deficient or that there is a reasonable probability that, but for
> counsel's alleged errors, he would not have pleaded guilty, would
> have proceeded to trial, and that the outcome of the proceedings
> would have been different. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Faltz v. Dir., slip op. at 2.

Review of the record before this Court reveals that the foregoing determination was factually

reasonable. First, the record plainly belies Faltz's contention that counsel's representation with

respect to the sentencing component of the plea agreement was deficient. The written plea agreement

executed by Faltz clearly stated that "[i]t is understood and agreed that there is no specific agreement

as to what sentence the defendant will receive." Resp. Ex.1, Plea Agreement at ¶ 3.  In response to

questioning by the court at the plea colloquy, Faltz stated that he understood what was contained in

the plea agreement and acknowledged his signature on the document. Resp. Ex. 5, Tr. Mar. 16, 2005

6

at 22 - 25. Faltz also acknowledged his understanding that the maximum penalty he faced for both crimes was fifty (50) years, and stated that he had reviewed with counsel the applicable sentencing guidelines as to the charges and understood that the court was not required to follow the sentencing guidelines. Id. at 20 -21. Faltz agreed that no one had made him any promises concerning his guilty plea, and he professed that he was "entirely satisfied" with the services of his attorney. Id. at 20 - 21. Moreover, the state habeas court also was provided with an affidavit of Faltz's counsel, Deputy Public Defender Patrick L. Bales, in which counsel attested both that, contrary to Faltz's claim, he made no promise to Faltz that the sentence imposed would be less than ten years, and that he had explained to Faltz that the plea deal contained "no specific agreement as to sentence." Resp. Ex. 6.

Second, as the state court determined, Faltz fails to carry his burden to establish that but for counsel's alleged errors, he would have elected to proceed to trial. Cf. Hill, 474 U.S. at 59. As described above, Faltz initially was charged with a total of eight (8) felonies stemming from an incident that resulted in the death of a child. Faltz confessed his part in the crimes, and he personally led the police to two of the guns he and his cohorts had used in the incident. Resp. Ex. 5, Tr. Mar. 16, 2005 at 8 - 17. Had he proceeded to trial, Faltz would have faced a possible maximum sentence of 103 years in prison, whereas under the terms of the plea agreement, the Commonwealth agreed to nolle prosequi six of the eight charges against Faltz, thereby reducing his exposure to 50 years. Id. at 27-28. Faltz thus fails to demonstrate that but for his attorney's alleged errors, he would have decided to proceed to trial. Under all of these circumstances, the Virginia Supreme Court's rejection of Faltz's first claim was neither contrary to nor an unreasonable application of the applicable federal law upon which it expressly relied, Strickland, supra, so the same result must pertain here. Williams, 529 U.S. at 412-13.

In his second claim, Faltz asserts that he received ineffective assistance of successor counsel

7

Michael J. Massie, Esquire, in connection with a motion to withdraw the plea. Faltz argues that Massie failed to investigate Faltz's claim by contacting Bales, failed to call Bales as a witness at the hearing on the motion, and failed to request a continuance of the hearing so that Bales could be present. The Virginia Supreme Court rejected these assertions on the following holding:

> The Court holds that claim (2) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland. The record, including the trial transcript and the affidavits of counsel, demonstrates that petitioner was fully informed as to the nature and sentencing consequences of his pleas. Counsel Bales would not have testified in support of the petitioner's motion, and Counsel Massie made a strategic decision not to attempt to secure Bales' presence. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Faltz v. Dir., slip op. at 3.

The reasonableness of the foregoing holding requires little discussion. As is evident from the affidavit provided by attorney Bales, discussed in connection with Claim 1, any testimony he would have offered would not have supported Faltz's contention that a specific sentence was promised as part of the plea deal. Successor counsel Massie also provided an affidavit in which he attested that he decided not to subpoena Bales because in Massie's mind, "the issue was simple" - the plea agreement Faltz signed stated in "clear" and unambiguous language that there was "no specific agreement as to what sentence the defendant will receive," so "Mr. Faltz and not Mr. Bales was in the best position to address" how he could have been confused under such circumstances. Massie disagreed with Faltz's assumption that Bales "as an officer of the court" would have offered testimony in court that differed from the substance of the affidavit he previously had executed, so Massie "did not think ... that it would be prudent to call Mr. Bales" as a witness at the hearing on the motion to withdraw the plea. Resp. Ex. 7.

8

It is well established in federal jurisprudence that "strategic choices made after thorough investigation ... are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." Gray v. Branker, 529 F.3d 220, 229 (4th Cir.), pet. for cert. filed, 77 USLW 3268 (Oct. 24, 2008), quoting Strickland, 446 U.S. at 690-91. Decisions concerning the calling of witnesses are matters of strategy left to the attorney, which ordinarily cannot constitute ineffective assistance. Jones v. North Carolina, 547 F.2d 808 (4th Cir. 1977). Here, the state court's denial of relief on Faltz's second claim was both factually reasonable and in accord with these applicable federal principles, so relief on that claim must be denied here as well. Williams, 529 U.S. at 412-13.

In his third claim, Faltz contends that his right to due process was violated when he was not allowed to withdraw his plea since it was involuntary. When Faltz made this same argument on direct appeal, the Court of Appeals of Virginia pointed out that under Virginia law, adjudication of a motion to withdraw a guilty plea rests within the sound discretion of the trial court, and should be granted only where it appears that the plea was submitted under an honest mistake of material fact or was induced by fraud, coercion or undue influence and would not otherwise have been made. Parris v. Commonwealth, 189 Va. 321, 324, 52 S.E.2d 872, 873 (1949).[3] The court then analyzed Faltz's claim as follows:

> At the plea hearing, the judge conducted an extensive colloquy with appellant. He told appellant the maximum sentences for the charges and that he was not required to follow the sentencing guidelines in the pre-sentence report. Appellant acknowledged he reviewed the sentencing guidelines with defense counsel. Appellant signed a plea

---

[3]The reasoning of the Court of Appeals is imputed to the Supreme Court of Virginia, which refused a further appeal without explanation. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

agreement, which stated there was no specific agreement as to the sentences, but that the Commonwealth will not argue any factors in aggravation at the sentencing hearing due to appellant's cooperation in the matter. In exchange for the pleas, the Commonwealth *nolle prosequied* six remaining charges. At the hearing on the motion to withdraw his pleas, appellant testified he thought the trial court would impose a specific sentence that he would request at the sentencing hearing and the sentence would not exceed ten years. At the conclusion of the hearing, the trial judge found that appellant's testimony was not a reasonable understanding of the plea agreement 'or even something that could have been misunderstood by him.' The trial judge found appellant was having second thoughts about the pleas since there was not an agreement as to a specific sentence.

'[T]he record must affirmatively show that a guilty plea is entered freely and intelligently.' Mason v. Commonwealth, 14 Va. App. 609, 612, 419 S.E. 2d 856, 858 (1992). However, 'the truth and accuracy of representations made by an accused as to ... the voluntariness of his [or her] guilty plea will be considered conclusively established by the trial proceedings. unless the [accused] offers a valid reason why he [or she] should be permitted to controvert his [or her] prior statements.' Anderson v. Warden, 222 Va. 511, 516, 281 S.E.2d 885, 888 (1981).

At the plea hearing, appellant stated he was entering the pleas freely and voluntarily. The written plea agreement set out the terms of the agreement, and appellant signed it. After an extensive plea colloquy, the trial judge found that appellant entered his pleas freely and voluntarily. The record shows that appellant entered his pleas freely and voluntarily and at the motion to withdraw his pleas, the trial court found that appellant's understanding of the plea agreement was not credible. The trial court did not abuse its discretion is denying appellant's motion to withdraw his Alford pleas.

Faltz v. Commonwealth, slip. op. at 1 - 2.

It is well settled that entry of a guilty plea must be an informed and intelligent decision. See Boykin v. Alabama, 395 U.S. 238, 242 (1969). To establish that his guilty plea did not meet that standard, a defendant bears the burden of demonstrating that "his mental faculties were so impaired ... when he pleaded that he was incapable of full understanding and appreciation of the charges

against him, of comprehending his constitutional rights and of realizing the consequences of his plea." Shaw v. Martin, 733 F.2d 304, 314 (4th Cir. 1984) (quoting United States v. Truglio, 493 F.2d 574, 578 (4th Cir. 1974)). On the other hand, a guilty plea is valid if it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." Beck, 261 F.3d at 394. Here, for the reasons it expressed, the Court of Appeals' determination that Faltz's plea was voluntary was factually reasonable, and was in accord with these applicable federal principles. Accordingly, federal relief is not warranted on the third claim of this petition. Williams, 529 U.S. at 412-13.

## IV.

For the foregoing reasons, this petition for habeas corpus relief will be dismissed. An appropriate Order shall issue.

Entered this _____ 6 _____ day of _____ October _____ 2009.


Alexandria, Virginia


                                          /s/ ____
                                        Liam O'Grady
                                        United States District Judge